HEARING SET:

10/3/05 @ 2 pm.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RONALD EUGENE REPINE | § | |
|    DEBTOR(S) | § | CASE NO.    03-39455-H5-13 |
| | § | |
| RONALD EUGENE REPINE | § | |
|    PLAINTIFF(S) | § | ADVERSARY NO.   04-3023 |
| | § | |
| VS. | § | |
| | § | |
| PATSY YOUNG | § | |
|    DEFENDANT(S) | § | |

## MEMORANDUM OPINION

Before the Court is the complaint of Ronald Repine for damages and attorney fees for defendant Patsy Young's civil contempt and willful violation of the automatic stay under 11 U.S.C. § 362(h). Trial of this matter was held during May 2005 and the facts established at trial comport with those recited by the 1st District Court of Appeals, Houston, Texas, in its opinion issued June 2, 2005, reversing and rendering a take nothing judgment as to Patsy Young's motion for sanctions pursued in the family court described in this matter. See Greene v. Young, 2005 WL 1308936 (Tex. App. -Hous. [1st Dist] June 2, 2005, not released for publication).

After due consideration, the Court finds that Patsy Young willfully violated the automatic stay in violation of 11 U.S.C. § 362.

### I. Facts

Debtor and Elizabeth Anne Pollard-Repine have been engaged for some time in litigation in cause no. 2001-14946 pending in the 245th Judicial District Court of Harris County, Texas,

concerning debtor's child support obligations. Patsy Young was counsel for Pollard-Repine in that litigation until replaced by Margaret McClure in the fall of 2003.

On June 26, 2003, the family court ordered debtor incarcerated for criminal contempt for failure to pay child support until December 22, 2003, subject to earlier release for "good time" credit awarded by the sheriff and subject to continued confinement for civil contempt until he had paid child support arrearages of $22,858.75 plus attorneys fees to Young of $2,026.75.

During his incarceration for criminal contempt, debtor filed a chapter 13 bankruptcy on July 1, 2003. Young received notice of the bankruptcy on July 22, 2003.

On September 11, 2003, this Court signed an Agreed Order Lifting Stay which: (1) allowed Pollard-Repine to exercise her state law rights in cause no. 2001-14946; (2) ordered debtor to execute a deed of his interest in certain residential real property to Pollard-Repine; and (3) provided for Pollard-Repine to credit the proceeds of a sale of that residence to various debts, including attorney's fees due Patsy Young with any remaining attorney's fees due Patsy Young to be provided for in debtor's chapter 13 plan.

On September 12, 2003, the family court heard a motion by debtor to suspend his incarceration. Elizabeth Pollard-Repine wanted debtor released from jail. Nevertheless, Young opposed debtor's release from jail unless she was paid a check for her fees despite her client's wishes. The family court denied the motion for suspension of commitment reciting that from June 26, 2003, through September 11, 2003, debtor had paid nothing toward the child support arrearage or on-going child support but he had paid or arranged to have some other person pay two attorneys to represent him during that time.

On September 23, 2003, debtor's father died. Debtor's counsel obtained a letter from the sheriff stating that debtor had received "good time" credit toward his 180 day criminal contempt sentence and was eligible for release when his civil contempt sentence was complete. At that point, the debtor's counsels involved in the case worked toward preparing an agreed order securing debtor's immediate release so that debtor could attend his father's funeral. Nevertheless, Young demanded a certified check for payment of a portion of her fees before she would appear in family court to submit the agreed order.[1] Debtor and his counsel declined the condition.

The next day, September 24, 2003, debtor and Pollard-Repine jointly moved to enforce the agreed order lifting stay before the bankruptcy court and for additional relief seeking debtor's immediate release from incarceration. The Court ordered Young to show cause why she should not be held in contempt for violations of the automatic stay. This order lead to her arrest when she failed to appear at the hearing. After a hearing on September 29, 2003, Patsy Young was released. At that hearing, Judge Greendyke admonished Young to cease attempting to collect her debt from property of the estate.[2]

In October 2003, Young moved in family court to withdraw as counsel for Pollard-Repine and the family court signed an order substituting Margaret McClure as counsel. Young also moved for sanctions in the family court against Mills, Greene, and McClure. On October 7, 2003, Young filed a motion to set aside the order substituting counsel. Ultimately, on November 6, 2003, debtor was released from confinement.

---

[1] Young demanded to see a death certificate and urges she has not received one to date.

[2] Young explained she refused to obey Judge Greendyke because although he told her not to continue her activities, he failed to "order" her to stop her activities.

On March 18, 2004, the family court signed an order requiring Corey L. Mills, debtor's bankruptcy counsel, and Liza Greene to pay $5,000.00 each in monetary sanctions to Patsy Young, and to perform various acts concerning legal ethics. That order was reversed on appeal and judgment was rendered that Young take nothing.

## II. Automatic Stay

Bankruptcy Code § 362(h) provides: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Pettit v. Baker, 876 F.2d 456 (5th Cir. 1989). A willful violation does not require a specific intent to violate the automatic stay. All that is required is knowledge of the existence of the stay and an intent to commit the act which violated the stay. Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210 (9th Cir. 2002); Fleet Mortg. Group, Inc. v. Kaneb, 196 F.3d 265 (1st Cir. 1999). Knowledge of the bankruptcy is considered knowledge that there is an automatic stay in effect. In re Lile, 103 B.R. 830, 837 (Bankr. S.D. Tex. 1989), aff'd 161 B.R. 788 (S.D.Tex. 1993), aff'd in part, 43 F.3d 668 (5th Cir. 1994).

Bankruptcy Code § 362(a) imposes an affirmative duty to discontinue post-petition collection actions. Sanctions may be imposed under § 362(h) for a willful violation of the automatic stay for maintaining an action and unjustifiably delaying its dismissal after receiving notice of the bankruptcy petition. In re Dyer, 322 F.3d 1178 (9th Cir. 2003); Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210 (9th Cir. 2002). In In re Johnston, 321 B.R. 262 (D.Ariz. 2005) the debtor's former wife and her attorney were found to have willfully violated the automatic stay by failing to take affirmative action to vacate an order of the family court which required the debtor to pay a large sum or face incarceration. An order lifting stay is limited to its terms and pursuit of activity beyond the terms of

the order is a violation of the stay. In re Thornburg, 277 B.R. 719 (Bankr. E.D.Tex. 2002) (agreed order lifting stay to allow ex-wife to pursue motion for enforcement in connection with state court divorce settlement held not to include filing abstract of judgment obtained or notice of lis pendens which violated the stay.)

Attorney's fees incurred in collection of child support are considered part of the child support award which, while non-dischargeable, nevertheless, constitute a claim under the Bankruptcy Code. Collection from property of the estate is stayed upon the filing of a bankruptcy. See 11 U.S.C. § 362(b)(2)(B). Thus, while debtor's incarceration for criminal contempt for failure to pay child support was not stayed by the filing of his bankruptcy, any attempts to collect such a prepetition claim from property of the estate violated the automatic stay.

### III. Conclusion

The Court finds that Young repeatedly and intentionally sought payment of her prepetition attorneys fees from debtor without regard to whether there existed property that was not property of the estate from which he could pay them. To pursue post-petition collection of her fees from debtor or from property of the estate, Young needed to obtain relief from the automatic stay. Indeed, relief was obtained for payment of Young's fees from the sale of debtor's residence. Nevertheless, Young continued to seek collection of her fees from debtor directly and immediately. Young persisted in her pursuit of payment of her prepetition debt despite admonishment to discontinue her collection activity from the bankruptcy court and from the other attorneys involved in the case. The Court finds that Young committed a willful and egregious violation of the automatic stay and that debtor is entitled to actual and punitive sanctions including attorneys fees. In re Atlantic Bus. & Community Dev. Corp., 901 F.2d 325, 328 (3rd Cir. 1990)(punitive damages appropriate where landlord in bad

faith took affirmative steps to prevent access to estate property); Goichman v. Bloom, 875 F2d 225, 228 (9th Cir. 1989)( punitive damages appropriate were creditor made numerous filings after being informed about stay violations); Restatement Second of Torts Sec. 908.

From September 23, 2003, the date of the death of his father, to November 6, 2003, debtor remained in jail despite the expiration of debtors' term for criminal contempt. The repeated efforts of debtor's attorneys to obtain his release were unavailing in the face of Young's opposition and her adamant insistence on payment of her fees before agreeing to cooperate to obtain his release. The Court finds that debtor suffered actual damages in the amount of $100.00 per day for forty-four days totaling $4,400.00 for the emotional distress of being denied release to attend his father's funeral and to comfort his family and the loss of liberty of remaining in jail beyond his term for criminal contempt. In re Siskin, 231 B.R. 514 (Bankr.E.D.N.Y. 1999) (Debtor entitled to award of damages for creditor's willful violation of stay resulting in debtor's incarceration, loss of employment opportunities, and attorneys fees incurred to obtain release from jail.) The evidence shows that debtor suffered damages for lost potential consulting income in the amount of $520.00 per day for forty-four days totaling $22,880.00. See Nissan Motor Acceptance Corp. v. Baker, 239 B.R. 484 (N.D.Tex. 1999) (Award of actual and punitive damages for creditor's willful violation of the stay supported by the evidence held not abuse of discretion.) The Court further finds that debtor is entitled to punitive damages in the amount of $5,000.00. Debtor has also incurred attorneys fees to secure his release and maintain the present action the amount of which will be determined upon a subsequent hearing.

Based on the foregoing, counsel for debtor is **ORDERED** to file a fee application within twenty (20) days and a hearing is set on that matter for Oct 3, 2005 at 2:00 a.m./p.m., in Courtroom #403, at 515 Rusk St., Houston, Texas.

Signed this 12 day of Aug, 2005, at Houston, Texas.

_____
KAREN K. BROWN
CHIEF UNITED STATES BANKRUPTCY JUDGE